

FILED

APR 1 4 2006

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

In re                                   )   Case No. 05-27329-C-7
                                        )
MICHELLE BALLETTI,                      )   Adv. Proc. No. 05-2302
                                        )
            Debtor.                     )
_____ )
                                        )
PREM DHAWAN, chapter 7                  )
Trustee,                                )
                                        )
            Plaintiff,                  )
                                        )
v.                                      )
                                        )
CONSUMER ACTION COMMITTEE,              )
a California Corporation,               )
                                        )
            Defendant.                  )
_____ )


**MEMORANDUM DECISION DENYING MOTION FOR SUMMARY JUDGMENT AND
GRANTING IN PART AND DENYING IN PART CROSS-MOTION FOR
SUMMARY JUDGMENT**

On August 18, 2005, chapter 7 trustee, Prem Dhawan,

plaintiff herein, filed a complaint for declaratory relief

pursuant to 28 U.S.C. § 2201, to avoid a fraudulent transfer

pursuant to 11 U.S.C. § 548(a), to determine liability for

avoided transfer pursuant to 11 U.S.C. §§ 550(a) and 551,

and for turnover of property of the estate pursuant to 11

U.S.C. §§ 541 and 542.

74

In his complaint, plaintiff alleged that, prior to May 25, 2005, debtor, Michelle Balletti, was the legal and equitable owner of real property commonly known as 551 Jean Street #304, Oakland, California.  On or around January 4, 2005, debtor executed a grant deed in favor of the defendant, Consumer Action Committee, which purported to transfer the entire Oakland property to defendant for no consideration.

On May 25, 2005, defendant recorded the grant deed in the official records of the Alameda County Recorder's Office.  On June 15, 2005, debtor filed her chapter 7 bankruptcy petition.  Despite the fact that defendant recorded the grant deed, the preliminary title report, prepared on July 25, 2005, reflects that debtor currently remains on record title to the Oakland property.  The title report states that "no statement is made as to the effect of [the grant deed] by reason of the fact that grantee is a suspended corporation."

Plaintiff claimed that debtor's transfer of the property to defendant and defendant's subsequent act of recording the grant deed within ninety days of debtor's bankruptcy constituted a fraudulent transfer pursuant to 11 U.S.C. § 548(a).  Plaintiff also claimed he was entitled to recover from the defendant the debtor's interest, or the value of such interest, in the Oakland property transferred to defendant, and for turnover of the Oakland property.

2

1      On November 23, 2005, the court granted a motion

2   filed by A. Chandler Lewis to intervene as a defendant.

3      On November 29, 2005, Lewis filed an answer to

4   plaintiff's complaint.

5      On February 21, 2006, Lewis filed a motion for

6   summary judgment, pursuant to Federal Rule of Civil

7   Procedure 56 as incorporated by Federal Rule of Bankruptcy

8   Procedure 7056, in which he asserted that plaintiff has set

9   forth no genuine issue of material fact and that he is

10  entitled to judgment as a matter of law.

11     Notice was timely served on plaintiff and a hearing

12  on the motion was scheduled for April 11, 2006.  In

13  response, plaintiff filed an opposition and a cross-motion

14  for summary judgment.  Plaintiff's cross-motion stated it

15  was undisputed fact that on January 4, 2005, debtor entered

16  into a Real Estate Purchase Contract with Lewis agreeing to

17  sell the Oakland property to Lewis.  Lewis drafted the

18  Purchase Agreement and grant deed.  The Purchase Agreement

19  provided that Lewis would assume all responsibility for

20  making the loan payments and that upon signing Lewis would

21  immediately take possession.  It was also agreed that Lewis

22  would not record the grant deed until May 1, 2006.  Debtor

23  was to continue paying the property taxes and homeowner

24  association dues until the grant deed was recorded in May

25  2006.

26     Subsequent to the transfer, Lewis made only one

27  mortgage payment.  Debtor then began receiving demands for

28

3

payment from the lender.  Debtor could not make the payments
and filed for bankruptcy.  Unaware that Lewis had recorded
the grant deed, debtor listed the Oakland property on her
bankruptcy Schedule A and listed the loan encumbering the
property on Schedule D.

A hearing was held on April 11, 2006.  The court
entered its findings of fact and conclusions of law on the
record.

The court may grant a motion for summary judgment if
there is no genuine issue as to a material fact and the
moving party is entitled to judgment as a matter of law.
Federal Rule of Civil Procedure 56(c), as incorporated by
Federal Rule of Bankruptcy Procedure 7056; <u>Anderson v.
Liberty Lobby</u>, 477 U.S. 242 (1986).

Lewis has not shown that there are no genuine issues
of material fact regarding the claims asserted in the
plaintiff's complaint.  Lewis was afforded an opportunity
to conduct discovery after he was allowed to intervene.  The
discovery deadline was January 31, 2006.  Accordingly, Lewis
is not entitled to further discovery and is not entitled to
judgment as a matter of law.

The plaintiff has shown that there is no genuine
issue of material fact regarding the fact that the grant
deed was recorded on May 25, 2005.  Additionally, there is
no evidence that debtor did not owe the debt to lender
(i.e., debtor did owe the debts as listed on her schedules).

4

Further, there is no evidence that debtor omitted assets on her schedules nor were the scheduled assets undervalued.

Accordingly, the plaintiff is entitled to judgment as a matter of law on those issues.

An appropriate order shall issue.

Dated: April 14 , 2006

_____
UNITED STATES BANKRUPTCY JUDGE

1

## CERTIFICATE OF SERVICE

2

3          On the date indicated below, I served a true and
correct copy(ies) of the attached document by placing said
4   copy(ies) in a postage paid envelope addressed to the
person(s) hereinafter listed and by depositing said envelope
5   in the United States mail or by placing said copy(ies) into
an interoffice delivery receptacle located in the Clerk's
6   Office.

7   Prem Dhawan
c/o Christopher Lezak
8   350 Frank H. Ogawa Plaza #600
Oakland, CA 94612
9

10  Christopher Lezak
350 Frank H. Ogawa Plaza #600
11  Oakland, CA 94612

12  A. Chandler Lewis
2140 Shattuck Ave. #2135
13  Berkeley, CA 94704

14  Michelle Balletti
769 Capricorn Circle
15  Fairfield, CA 94533

16  Office of the United States Trustee
United States Courthouse
17  501 "I" Street, Suite 7-500
Sacramento, CA  95814

18

19          Dated:  4/17/06

20

21          _____
Deputy Clerk

22

23

24

25

26

27

28