


```
                                        FILED
                                      JUN - 9 2006
                                UNITED STATES BANKRUPTCY COURT
                                EASTERN DISTRICT OF CALIFORNIA
```

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | Case No. 05-27329-C-7 |
| MICHELLE BALLETTI, | Adv. Proc. No. 05-2302 |
| Debtor. | |
| PREM DHAWAN, chapter 7 Trustee, | |
| Plaintiff, | |
| v. | |
| CONSUMER ACTION COMMITTEE, a California Corporation, | |
| Defendant. | |

**MEMORANDUM DECISION DENYING MOTION FOR SUMMARY JUDGMENT**

On August 18, 2005, chapter 7 trustee, Prem Dhawan, plaintiff herein, filed a complaint for declaratory relief pursuant to 28 U.S.C. § 2201, to avoid a fraudulent transfer pursuant to 11 U.S.C. § 548(a), to determine liability for avoided transfer pursuant to 11 U.S.C. §§ 550(a) and 551, and for turnover of property of the estate pursuant to 11 U.S.C. §§ 541 and 542.

In his complaint, plaintiff alleged that, prior to May 25, 2005, debtor, Michelle Balletti, was the legal and



equitable owner of real property commonly known as 551 Jean Street #304, Oakland, California. On or around January 4, 2005, debtor executed a grant deed in favor of the defendant, Consumer Action Committee, which purported to transfer the entire Oakland property to defendant for no consideration.

On May 25, 2005, defendant recorded the grant deed in the official records of the Alameda County Recorder's Office. On June 15, 2005, debtor filed her chapter 7 bankruptcy petition. Despite the fact that defendant recorded the grant deed, the preliminary title report, prepared on July 25, 2005, reflects that debtor currently remains on record title to the Oakland property. The title report states that "no statement is made as to the effect of [the grant deed] by reason of the fact that grantee is a suspended corporation."

Plaintiff claimed that debtor's transfer of the property to defendant and defendant's subsequent act of recording the grant deed within ninety days of debtor's bankruptcy constituted a fraudulent transfer pursuant to 11 U.S.C. § 548(a). Plaintiff also claimed he was entitled to recover from the defendant the debtor's interest, or the value of such interest, in the Oakland property transferred to defendant, and for turnover of the Oakland property.

On November 23, 2005, the court granted a motion filed by A. Chandler Lewis to intervene as a defendant.

On November 29, 2005, Lewis filed an answer to plaintiff's complaint.

On February 21, 2006, Lewis filed a motion for summary judgment, pursuant to Federal Rule of Civil Procedure 56 as incorporated by Federal Rule of Bankruptcy Procedure 7056, in which he asserted that plaintiff has set forth no genuine issue of material fact and that he is entitled to judgment as a matter of law.

Notice was timely served on plaintiff and a hearing on the motion was scheduled for April 11, 2006. In response, plaintiff filed an opposition and a cross-motion for summary judgment. Plaintiff's cross-motion stated it was undisputed fact that on January 4, 2005, debtor entered into a Real Estate Purchase Contract with Lewis agreeing to sell the Oakland property to Lewis. Lewis drafted the Purchase Agreement and grant deed. The Purchase Agreement provided that Lewis would assume all responsibility for making the loan payments and that upon signing Lewis would immediately take possession. It was also agreed that Lewis would not record the grant deed until May 1, 2006. Debtor was to continue paying the property taxes and homeowner association dues until the grant deed was recorded in May 2006.

Subsequent to the transfer, Lewis made only one mortgage payment. Debtor then began receiving demands for payment from the lender. Debtor could not make the payments and filed for bankruptcy. Unaware that Lewis had recorded

the grant deed, debtor listed the Oakland property on her bankruptcy Schedule A and listed the loan encumbering the property on Schedule D.

A hearing was held on April 11, 2006. On April 14, 2006, the court denied Lewis' motion for summary judgment without prejudice and granted in part and denied in part plaintiff's cross-motion for summary judgment.

On April 12, 2006, the court issued a Notice of and Order for Trial stating that a trial will be held on June 20, 2006 at 10:00 am with Judge David E. Russell.

On May 30, 2006, Lewis filed a second motion for summary judgment to be heard on June 13, 2006. On June 7, 2006, the plaintiff filed an opposition.

The court may grant a motion for summary judgment if there is no genuine issue as to a material fact and the moving party is entitled to judgment as a matter of law. Federal Rule of Civil Procedure 56(c), as incorporated by Federal Rule of Bankruptcy Procedure 7056; <u>Anderson v. Liberty Lobby</u>, 477 U.S. 242 (1986).

Local Rule 9014-1(f)(1) states that the moving party shall file and serve the motion at least twenty-eight calendar days prior to the hearing date, unless the moving party elects to give shorted notice permitted by Local Rule 9014-1(f)(2). However, Local Rule 9014-1(f)(2) explicitly enumerates that "[t]his alternate procedure shall not be used for a motion filed in connection with an adversary proceeding."

The current motion is scheduled for a hearing on June 13, 2006, and was served on May 30, 2006. The current motion was served only fourteen calendar days prior to the hearing. To be timely, it had to be filed by May 16, 2006.

Accordingly, Lewis' second motion for summary judgment is DENIED for failure to comply with the local rules.

An appropriate order shall issue.

Dated: June 9, 2006

_____
UNITED STATES BANKRUPTCY JUDGE

**CERTIFICATE OF SERVICE**

        On the date indicated below, I served a true and correct copy(ies) of the attached document by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed and by depositing said envelope in the United States mail or by placing said copy(ies) into an interoffice delivery receptacle located in the Clerk's Office.

Prem Dhawan
c/o Christopher Lezak
350 Frank H. Ogawa Plaza #600
Oakland, CA 94612

Christopher Lezak
350 Frank H. Ogawa Plaza #600
Oakland, CA 94612

A. Chandler Lewis
2140 Shattuck Ave. #2135
Berkeley, CA 94704

Michelle Balletti
769 Capricorn Circle
Fairfield, CA 94533

Office of the United States Trustee
United States Courthouse
501 "I" Street, Suite 7-500
Sacramento, CA  95814

Dated: 6/12/06

_____
Deputy Clerk